UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASPEN GROVE OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>PARK PROMENADE APARTMENTS, LLC, a California limited liability company, et al.,<br><br>    Defendants. | CASE NO. C09-1110-JCC<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Defendants filed a motion to hold nonparty Phillips Real Estate Services (hereinafter "Phillips") in contempt due to its failure to comply with subpoenas. (Dkt. 95; *see also* Dkts. 92, 113-14.)) Phillips serves as plaintiff's property manager and custodian of records. Plaintiff filed an opposition to the motion, along with responsive declarations from Diane Castanes, records custodian for Phillips, and Joe Mager, a community association manager for

REPORT AND RECOMMENDATION
PAGE -1

Phillips. (Dkts. 106-109.)[1] For the reasons described below, the undersigned recommends that the motion for contempt be DENIED.

## BACKGROUND AND ARGUMENTS

Defendants served its first subpoena on Phillips in February 2010, seeking production of responsive documents on or before March 5, 2010. (Dkt. 92, Exs. A-C.) Phillips had previously, in response to an August 2009 subpoena, produced documents to plaintiff. By declaration dated February 22, 2010, Castanes responded to defendants' subpoena: "No documents are enclosed. Phillips has produced all responsive documents through plaintiff's counsel." (*Id.*, Ex. D.)

Believing the prior production to be incomplete, defendants served an amended subpoena on May 18, 2010, requesting Phillips make available for review all documents regarding plaintiff on or before June 1, 2010. (*Id.*, Ex. F.) Receiving no response, defendants sent Phillips a letter, dated June 7, 2010, requesting a response to the subpoena and advising as to their intent, if necessary, to proceed with a motion for contempt. (*Id.*, Ex. G.) Again receiving no response, defendants, on June 11, 2010, sent an e-mail to counsel for plaintiff asking for any insight or knowledge as to the lack of a response from Phillips. (*Id.*, Ex. H. at 5.) In response to this e-mail, both counsel for plaintiff and Mager indicated that a production of documents would be forthcoming, subject to a privilege review. (*Id.* at 3 & 5.) Additional e-mails exchanged on this same date reflect that defendants disputed the propriety of

---

[1] Defendants note in their reply that counsel for plaintiff does not represent Phillips. They maintain plaintiff lacks standing to oppose defendants' motion, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and request that their motion be granted as unopposed. However, because Phillips did respond to defendants' motion through the declarations of Castanes and Mager (Dkt. 106 & 107), the court declines to accept defendants' suggestion.

REPORT AND RECOMMENDATION
PAGE -2

01 conducting a privilege review given the already long delay in the production of documents and
02 the lack of any explanation for that delay.  (*Id*. at 1-4.)

03    Defendants aver that they received no indication as to whether the documents would be
04 produced or assurance as to when the production would take place.  They filed a motion for
05 contempt on June 14, 2010.  (Dkt. 91.)  On June 17, 2010, defendants withdrew their original
06 motion due to a technical defect and filed the motion currently under consideration.  (Dkts.
07 94-95.)  Defendants seek production of all responsive documents (by making them available
08 for review and duplication) and $3,500 in attorney's fees and costs associated with their
09 attempts to collect responsive documents from Phillips.  (Dkts. 95 & 113.)

10    In opposition to the motion, plaintiff, Castanes, and Mager aver that Phillips mistakenly
11 believed it had produced all responsive documents in August 2009.  (Dkt. 106, ¶¶2-3 and Dkt.
12 107, ¶¶3-4.)  Plaintiff posits, and Castanes and Mager declare, that it appears Phillips did not
13 receive the May 2010 subpoena until it received defendants' June 7, 2010 letter.  (Dkt. 92, ¶7
14 and Ex. F at 9 (defendants' counsel's declaration reflecting service of subpoena only on counsel
15 for plaintiff) and Dkt. 106, ¶4, Dkt. 107, ¶¶5-6 (Castanes and Mager assert knowledge of the
16 May 2010 subpoena only as of June 7, 2010).)  Plaintiff states that it made three and a half
17 boxes of documents from Phillips available to defendants on June 15, 2010.  Plaintiff,
18 Castanes, and Mager aver that Phillips has now produced all responsive documents.  (Dkt.
19 106, ¶10 and Dkt. 107, ¶8.)  Plaintiff argues that a motion was not necessary to compel
20 compliance and, consequently, that there can be no showing that the costs of the motion are a
21 harm arising from Phillips' inadequate response to subpoenas.  Plaintiff also asserts that
22 defendants' conclusory statement of harm does not constitute sufficient proof of actual harm.

*Hecht v. Don Mowry Flexo Parts, Inc.*, 111 F.R.D. 6, 9 (N.D. Ill. 1986) ("[A] compensatory fine for civil contempt requires proof of actual damages[.]")

In reply, defendants challenge the contention as to any misunderstanding or confusion on the part of Phillips in relation to the February 2009 subpoena. They note that Phillips should have, at a minimum, produced additional records, such as the minutes from monthly board meetings, dated after the initial August 2009 production. Defendants further maintain that Phillips cannot reasonably assert confusion given their thirty-three years of business experience (Dkt. 114, ¶¶10-11 and Exs. 3 & 4) and the fact that the letter accompanying the subpoena directed Phillips to contact defendants if it had any questions. They add that Phillips, without any significant supplemental explanation, ultimately produced additional documents only in response to the filing of the motion for contempt.

Defendants also dispute the contention that Phillips did not receive the May 2010 subpoena until June 7, 2010. They provide an affidavit reflecting that Tim Pfohl, authorized to accept process service on behalf of Phillips, accepted service of the subpoena on May 18, 2010. (Dkt. 114, Ex. 1.) Defendants stress that their efforts to avoid a motion for contempt did not end with service of the second subpoena, pointing to their June 7, 2010 letter and June 11, 2010 e-mail, only the latter of which resulted in any response from Phillips. Defendants also maintain their belief that Phillips has not, to date, fully complied with the subpoenas. (*See* Dkt. 114, ¶¶4-9.)

Finally, defendants argue in favor of sanctions against Phillips. In support, they point to their many genuine efforts to avoid this motion, their belief that Phillips has not yet produced all responsive documents, and the lack of any "adequate excuse" for Phillips' failure to comply

REPORT AND RECOMMENDATION
PAGE -4

with two subpoenas, Fed. R. Civ. P. 45 (e).

## DISCUSSION

Federal Rule of Civil Procedure 45 permits the use of a subpoena to command the production or permit inspection of responsive documents or other materials in the subpoena recipient's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). After service, the recipient may comply with the subpoena, submit an objection, or move to quash or modify the subpoena according to the procedures set forth in Rule 45. Fed. R. Civ. P. 45(c)-(d). "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e).[2]

Disobedience of a specific and definite court order – in this case a subpoena[3] – through failure to take all reasonable steps to comply constitutes civil contempt. *In re Dual Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience[.]" *Id.* (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987)). However, a finding of contempt is not appropriate if the response is based on a good faith and reasonable interpretation of the court order's demands. *Id.* (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). "'Substantial compliance'"

---

[2] This rule further provides that "[a] nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)." Fed. R. Civ. P. 45(e). Rule 45(c)(3)(A)(ii), requiring that a subpoena be quashed or modified where it requires a nonparty to travel more than 100 miles, is not at issue in the motion under consideration.

[3] As explained in the 1991 Amendment to Rule 45: "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."

serves as a defense, "and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Id*. (quoting *Vertex Distrib. Inc*., 689 F.2d at 891). The party pursuing civil contempt must support its allegations with clear and convincing evidence. *Id*. (citing *Vertex Distrib., Inc*., 689 F.2d at 889). *Accord Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). The Court may impose sanctions for contempt, including attorney's fees and costs, in order to coerce compliance and/or compensate defendants for related injuries. *Int'l Union v. Bagwell*, 512 U.S. 821, 829 (1994) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947)); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985). *See also In re Crystal Palace Gambling Hall, Inc*., 817 F.2d at 1365 (a sanction for "civil contempt is characterized by the court's desire to . . . compensate the contemnor's adversary for the injuries which result from the noncompliance.")

In this case, Phillips inadequately responded to defendants' first subpoena. In addition to the fact that Phillips failed to then locate several boxes of relevant, unproduced documents, it should have, at a minimum, investigated the existence of documents dated after the date of its initial production. Phillips' efforts in response to defendants' second subpoena were likewise insufficient. While Castanes and Mager both declare that they did not receive a copy of this subpoena until June 7, 2010, the evidence shows its proper service on Phillips on May 18, 2010. Pfohl, the individual who accepted service of the subpoena, is revealed in the declarations from Castanes and Mager as Phillips' Director of Community Association Properties and Mager's immediate supervisor. (Dkt. 106, ¶7 and Dkt. 107, ¶7.) Moreover, even if it could be shown that Pfohl failed to route the subpoena to the proper individuals within Phillips, it is notable that Phillips did not, as of June 7, 2010, contact defendants in regard to the subpoena, instead

waiting to respond until defendants contacted plaintiff by e-mail several days later. These facts raise the question as to whether Phillips' responses can be deemed reasonable and constituting substantial compliance.

There is, however, evidence arguing against a finding of contempt. Mager provides an explanation for the response to defendants' first subpoena. He states that he had not previously responded to a subpoena prior to the one issued by plaintiff in August 2009 and that he believed all responsive files had been collected at that time. (Dkt. 107, ¶3.) Mager adds that he was advised by plaintiff's counsel in February 2009 that Phillips could respond to defendants' subpoena by stating that all responsive documents had been produced. (*Id.*, ¶ 4.)

Also, taking as true the assertion that the appropriate individuals within Phillips had not been informed of defendants' second subpoena, the delay between the June 7, 2010 letter and the June 11, 2010 e-mail exchange, while unexplained, was minimal. Moreover, both Mager's declaration and his June 11, 2010 e-mail to counsel support the contention that he had begun working on the requested document production prior to the latter date. (*Id.*, ¶¶ 6-7 and Dkt. 92, Ex. H at 3.)

Additionally, while defendants claim they had no indication as to whether or when documents would be produced, the June 11, 2010 e-mails reveal that counsel for plaintiff told defendants Phillips indicated a supplemental production would be "ready soon[,]" that plaintiff did not expect to find "much, if any, privileged documents" in that production, and that the privilege review "may take . . . a few days[.]" (Dkt. 92, Ex. H at 1, 5.) Finally, while defendants maintain that the production of documents remains incomplete, there is no dispute that Phillips made available to defendants a substantial production of responsive documents

shortly after June 11, 2010.

The Court finds defendants' frustration in the long delay prior to Phillips' production of documents understandable. It also expresses grave concern over Phillips' practices in relation to the subpoenas. However, the Court finds Phillips' explanation for its failures adequate. The evidence outlined above supports a good faith and reasonable interpretation of the subpoenas under the circumstances and, ultimately, substantial compliance with those subpoenas. Accordingly, the undersigned concludes that the evidence does not support a finding of contempt.

At the same time, a declaration submitted by defendants in reply raises a legitimate question as to the adequacy of Phillips' production of documents. (*See* Dkt. 114.) While it is not clear Phillips has any remaining responsive documents in its possession, custody, or control, defendants' declaration includes a detailed explanation as to the cause for their concern, including the identification of specific types and categories of potentially missing documents. (*Id*., ¶¶4-9.) As such, the Court recommends that Phillips be ordered to conduct an additional review of documents in its possession, custody, or control, and to make available for review and duplication any additional responsive documents within **ten (10) days** of the date of the Order issued in association with this Report and Recommendation. Phillips should utilize the amended subpoena from defendants and the above-described declaration both in conducting its additional document review and in submitting a supplemental response to the subpoena.

CONCLUSION

In sum, the Court recommends that defendants' motion for contempt (Dkt. 95) be

DENIED, but Phillips ORDERED to conduct an additional document review. A proposed order accompanies this Report and Recommendation. As stated in the proposed order, and in accordance with the Court's June 3, 2010 Order of Reference, any objections must be filed within **three (3) business days** of the date of this Report and Recommendation.

DATED this 13th day of August, 2010.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -9