UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASPEN GROVE OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>PARK PROMENADE APARTMENTS, LLC, a California limited liability company, et al.,<br><br>  Defendants. | CASE NO. C09-1110-JCC<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Defendants filed a motion to compel discovery. (Dkt. 116.) In addition to the discovery sought, defendants request sanctions, an award of reasonable attorney's fees and costs, and an order of automatic dismissal of this case should plaintiff home owner association (HOA) fail to comply with a resultant order. (*Id.* at 4.) Plaintiff opposes the motion. (Dkt. 119.) For the reasons described below, the Court recommends that defendants' motion be GRANTED in part and DENIED in part.

REPORT AND RECOMMENDATION
PAGE -1

BACKGROUND AND DISCUSSION

Defendants' motion addresses three sets of discovery requests. The first set of discovery requests, issued on January 19, 2010, sought, *inter alia*, maintenance and repair records, correspondence between the property manager and individual homeowners, and sales agreements between original and subsequent purchasers. (Dkt. 116 at 5-6 and Dkt. 117, Exs. 2 & 3.) Plaintiff responded to these discovery requests, in part, by stating that all maintenance and repair records and correspondence between plaintiff and property management were maintained by nonparty Phillips Real Estate Services (hereinafter "Phillips") and should have been produced by Phillips. Plaintiff also produced some documents from individual homeowners and stated that sales agreements were previously made available for review and copying. (*Id*.) HOA President Tanya Sharpe certified the responses were true and correct to the best of her knowledge. (*Id*.) The history of Phillips' production of documents is outlined in the Court's August 13, 2010 Report and Recommendation (Dkt. 137) and will not be repeated here.

Defendants issued their second and third sets of discovery requests on May 17, 2010 and May 18, 2010. (Dkt. 117, Exs. 7-14.) One set of discovery requests, issued by defendant Windbridge LLC, sought information and documents in relation to records produced in compliance with the Order issued by this Court on May 11, 2010. (*Id*., Ex. 14.) The remaining sets of discovery requests, issued in relation to a number of different defendants, dealt with plaintiff's claims of fraudulent concealment and misrepresentation, and evidence of defendants' actual knowledge of defects. (*Id*., Exs. 7-13.)

Interrogatory No. 2 in the fraudulent concealment and misrepresentation discovery

requests asked that plaintiff identify: (1) defects plaintiff alleged the defendants actually knew of at the time of sales; (2) the dates on which plaintiff alleged the defendants acquired actual knowledge of any defects; (3) the location of all defects; and (4) the evidence relied upon as the basis for the responses to the above questions. (*Id*.) In response to this inquiry, plaintiff asserted, in each instance, that defendants knew:

> a. That the roofs were at or near the end of their useful lives. See Fischbeck deposition, at the At-a-Glance section of the EMG report.
>
> b. That the wood trim at exterior walls had sustained water damage. Exhibit H to the Public Offering Statement.
>
> c. That siding and facia on garages need to be replaced. Id.
>
> There was visible separation of window-frame corners, visible water damage to exterior window trim, visible water intrusion and damage to interior window sills, which indicated that the windows had been improperly installed and needed to be replaced at the time of conversion. See depositions of Christine White, and Jeff Fischbeck.
>
> Discovery is continuing and depositions of the defendants and others will likely reveal additional evidence regarding actual knowledge of defects. These interrogatory responses will be supplemented based upon such information.

(*See*, *e.g*., *id*., Ex. 7 at 7.)

Interrogatory No. 4 requested that plaintiff identify: (1) defects defendants allegedly intentionally concealed from original purchasers; (2) location of such defects; and (3) all evidence relied upon as the basis for the responses to the above questions. (*Id*.) In response, again in each instance, plaintiff stated:

> [Defendants] concealed the facts that: (1) the roofs needed to be replaced right away, and instead told the unit purchasers that the roofs would last for an additional 18 years, and (2) the windows had been improperly installed and were

REPORT AND RECOMMENDATION
PAGE -3

01  allowing water intrusion, and instead told the unit purchasers that the windows
02  were suitable for ordinary use.  Discovery is continuing and depositions of the defendants and others will likely reveal additional evidence regarding actual knowledge of defects.
03
04 (*See*, *e.g.*, *id.* at 8.)

05  Requests for Production Nos. 1 and 2 in these sets of discovery sought copies of all

06 evidence supporting the answers to the above-described interrogatories.  (*Id.*)  Plaintiff stated,

07 in each instance, in relation to the "actual knowledge" interrogatories, that "[r]esponsive

08 documents were previously produced or are equally available to defendants[,]" and, in relation

09 to the "intentionally concealed" interrogatories, "Please see Public Offering Statement and

10 attachments, previously produced."  (*See*, *e.g.*, *id.* at 8-9.)

11 A.      First Set of Discovery Requests

12      Defendants request that the Court compel responses to Interrogatory No. 4 and Requests

13 for Production Nos. 2 and 3 in Melinda Abplanalp's First Set of Discovery Requests, which

14 sought maintenance and repair information and records, and correspondence between plaintiff

15 and Phillips.  (*See* Dkt. 116 at 5-6, 13.)  They also request that the Court compel a response to

16 Request for Production No. 2 in Michael Bosma's First Set of Discovery Requests, which

17 sought a copy of all sales agreements between original and subsequent purchasers.  (*Id.* at 6,

18 13.)  Defendants ask that plaintiff be required to conduct an exhaustive search of its own

19 records and/or the records of individual homeowners in order to confirm the production of all

20 documents, and to articulate with specificity the actions taken to obtain the documents.  They

21 maintain their belief that the production of documents from Phillips was incomplete.

22      Plaintiff notes that Phillips retains custody of all of plaintiff's files and describes its

REPORT AND RECOMMENDATION
PAGE -4

efforts in securing all responsive documents. Plaintiff asserts that, to the best of its knowledge, Phillips has now produced all responsive documents. For the reasons described below, the Court finds no basis for granting defendants' motion in relation to the first set of discovery requests.

On May 11, 2010, the Court ordered plaintiff to produce individual homeowner documents, including: (1) purchase and sale agreements; (2) condominium resale certificates; (3) real property transfer disclosure statements; (4) pre-sale inspection reports; (5) correspondence with seller and/or seller's agent; and (6) repair records. (Dkt. 75.) Defendants, on May 24, 2010, filed a motion for a date certain by which plaintiff must comply with that Order and, on July 15, 2010, filed the motion currently under consideration.

By Order dated August 4, 2010 (Dkt. 130), the Court set a date certain – August 31, 2010 – by which plaintiff was required to comply with the Court's May 11th Order. The Court also, by Order dated August 27, 2010 (Dkt. 143), directed Phillips to conduct an additional review of documents in its possession, custody, or control, and to make available for review and duplication any additional responsive documents within ten days of the Court's Order. The Court, therefore, has already directed compliance with the discovery requests at issue. Defendants' motion to compel, which predates the above-described Court Orders, provides no basis for concluding that plaintiff or Phillips retains additional, unproduced responsive documents.

The Court must, however, address an additional argument related to defendants' first set of discovery requests. Defendants assert that Ms. Sharpe violated Federal Rule of Civil Procedure 26 by not reviewing the one box of documents initially produced by Phillips prior to

REPORT AND RECOMMENDATION
PAGE -5

certifying that that response was true and correct. Defendants assert that Ms. Sharpe conceded in her deposition that she had not reviewed the documents prior to making the certification. Defendants maintain, therefore, that Ms. Sharpe's certification was not made pursuant to a "reasonable inquiry" as required under Rule 26(g)(1), and assert that, pursuant to Rule 26(g)(3), the Court must impose a sanction.

Rule 26(g)(1) holds that, by signing a discovery request, response, or objection "an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry[]" that the response is consistent with the rules and warranted by existing law or non-frivolous argument, is not interposed for any improper purpose, and is neither unreasonable, nor unduly burdensome or expensive. "If a certification violates this rule without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3).

The Court applies an objective standard in determining whether an attorney or party violated Rule 26(g)(1). *Oregon RSA No. 6 v. Castle Rock Cellular Ltd. P'ship*, 76 F.3d 1003, 1007 (9th Cir. 1996) (citing *Zimmerman v. Bishop Estate*, 25 F.3d 784, 790 (9th Cir. 1994)). The Court, therefore, considers the question from the perspective of a reasonable person. *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Defendants do not provide a copy of the relevant portion of Ms. Sharpe's testimony for the Court's consideration. By declaration, Ms. Sharpe attests that, at the time she certified plaintiff's responses to the first set of discovery requests, she was aware that plaintiff's attorneys had subpoenaed records from Phillips and believed that Phillips had produced all responsive documents. (Dkt. 122, ¶3.) She also personally reviewed all documents

subsequently produced by Phillips, located two additional boxes of responsive materials, and produced several hundred e-mails from her personal e-mail account. (*Id*., ¶¶ 4-8.)

Considering the above, as well as the various factors involved in Phillips' production of documents (*see* Dkt. 137), the Court concludes that Ms. Sharpe's verification was with substantial justification and reasonable under the circumstances. The Court, therefore, finds no basis for Rule 26(g)(3) sanctions.

B.      <u>Second and Third Sets of Discovery Requests</u>

Defendants seek an order requiring plaintiff to provide full and complete responses to its second and third sets of discovery requests. Defendants state that plaintiff's responses contain only blanket assertions that the public offering statement, deposition transcripts, and documents in plaintiff's liability chronology evidence actual knowledge of defects on the part of each of the defendants.

Defendants maintain that, in failing to identify specific portions of the documents identified (i.e., line and page number), the responses are incomplete and unresponsive. *See*, *e.g.*, *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) ("'Under the guise of Fed. R. Civ. P. 33(d) defendants may not simply refer generically to past or future production of documents. They must identify in their answers to the interrogatories specifically which documents contain the answer. Otherwise they must completely answer the interrogatories without referring to the documents.'"; "A party may not properly answer an interrogatory by referring generically to testimony given upon deposition. 'Incorporation by reference to a deposition is not a responsive answer.'") (quoted sources omitted); *Matthews v. USAir, Inc*., 882 F. Supp. 274, 275 (N.D.N.Y. 1995) (Rule 33(d) "'does not permit a party to answer simply

by directing the seeking party to an undifferentiated mass of business records which may or may not answer the interrogatory.'") (quoted and cited sources omitted); *Hyster Co. v. Indus. Power Equip. Co., Inc.*, 9 F.R.D. 685, 685 (W.D. Mo. 1950) (finding that Rule 33 did not provide for answers "refer[ing] to depositions from which it is inferred that the plaintiff might learn proper answers.")  Defendants further assert insufficiency through the failure to differentiate responses as to each defendant.  *In re Professional Hockey Antitrust Litigation*, 63 F.R.D. 641, 645 (E.D. Pa. 1974) (finding "all-encompassing" answer, incorporating, as its own answers, answers submitted by other parties, failed to comply with the rules of discovery, in part because certain interrogatories "were geared to obtaining information unique to" various defendants).  Defendants also assert the insufficiency of the responses in failing to list the dates on which plaintiff contends each defendant acquired actual knowledge of alleged defects, the location of all defects by building, unit number, level, and elevation, and all evidence relied upon as a basis for the responses.  *See*, *e.g.*, *Republic Envtl. Sys., Inc. v. Reichhold Chems., Inc.*, 157 F.R.D. 351, 353 (E.D. Pa. 1994) (finding insufficient an answer that specific dates requested could be found in previously produced documents; directing plaintiff to give specific dates or inform, with specificity, documents containing that information).

      Defendants request that plaintiff be compelled in relation to Interrogatories Nos. 2 and 4 and Requests for Production Nos. 1 and 2 in the second sets of discovery relating to defendants Melinda Abplanalp, Michael Bosma, Shimon Kibili, Holton Kabili, and Don Altman, the same interrogatories and requests for production in the third sets of discovery relating to defendants Windbridge LLC and Park Promenade LLC, and all interrogatories and requests for production in the second set of discovery relating to Windbridge LLC.  In particular, defendants ask that

plaintiff be compelled to: (1) supplement its responses to specifically answer (a) the dates on which plaintiff contends each defendant acquired actual knowledge of alleged defects; (b) the location of all alleged defects – by building, unit number, level and elevation; and (c) all evidence upon which plaintiff relies as a basis for its responses; (2) for each instance where plaintiff refers defendants to documents in response to the above-described discovery, supplement its responses to (a) identify with specificity the documents(s) to which it refers (i.e., not just see documents previously produced); and (b) list the exact page and line number and highlight the relevant portions of the documents it believes are responsive to defendants' discovery; and (3) provide separate, unique responses for each of the defendants where applicable. Defendants also request monetary sanctions against plaintiff for its failure to comply with the rules of discovery, noting they anticipate they will incur associated expenses, including attorney's fees, in the amount of $2,500.00.

Plaintiff asserts that, pursuant to Rule 33(d), it responded to the discovery requests by identifying specific documents from which interrogatory answers could be derived. It points to a follow-up e-mail it sent stating:

> Your recent discovery asked us to identify evidence that your clients had actual knowledge of defects and damage at Aspen Grove. We have already given you an extremely detailed liability chronology which sets forth the evidence we have identified regarding your clients' knowledge of defects and damage. In addition, your clients have been deposed. You should review their deposition transcripts, the public offering statement, the deposition of our expert, Christine White, the deposition of your superintendent, Keith Fischbeck, as well as the "Liability Chronology" set forth in response to your first set of discovery in order to identify the evidence from which a jury could infer that your clients had actual knowledge of defects and damage.
>
> Federal Rule of Civil Procedure 33(d) specifically allows the Association to respond to your discovery by identifying documents from which the answer may

REPORT AND RECOMMENDATION
PAGE -9

be determined, so long as the documents are identified with sufficient detail to enable you to locate and identify them. The Association believes that it has sufficiently identified the public offering statement, the deposition transcripts (and exhibits), and the documents supporting its liability chronology to satisfy the rule. Please let me know if you disagree.

(Dkt. 119 at 7 and Dkt. 120, Ex. A.)[1] Plaintiff also provides a summary of the evidence it relies on as evidence of defendants' knowledge of defects, and specifically identifies therein documents relied upon, including, in one instance, a specific portion of a defendant's deposition. (Dkt. 119 at 7-10.)

Plaintiff describes the discovery requests in question as designed solely to elicit a preview of its opposition to a likely motion for summary judgment on the fraudulent concealment claims. It asserts that, under Washington law, a party responding to discovery is not required to put on a "dress rehearsal" of the evidence it will present at trial. *Weber v. Biddle*, 72 Wn.2d 22, 29, 431 P.2d 705 (1967) ("[T]he opposing party cannot be required to put on a dress rehearsal of the trial. While it is proper to elicit information as to evidentiary facts as contrasted with ultimate facts, nevertheless it is improper to ask a party to state evidence upon which he intends to rely to prove any fact or facts.")

(1)  Interrogatories:

Rule 33 requires that interrogatories "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). It also provides an exception wherein a party may, in lieu of answering the interrogatory, refer to business records, so long as "the burden of deriving or ascertaining the answer will be substantially the same for either party," and the party answering

---

[1] The first page of the exhibit containing this e-mail was blank. (Dkt. 120-1.) The Court, therefore, copied the first paragraph of this e-mail from plaintiff's opposition. (Dkt. 119 at 7.)

REPORT AND RECOMMENDATION
PAGE -10

01 specifies the records to "be reviewed in sufficient detail to enable the interrogating party to
02 locate and identify them as readily as the responding party could[.]"  Fed. R. Civ. P. 33(d);
03 *Wagner v. Fishing Co. of Alaska, Inc.,* No. C06-1634RSL, 2008 U.S. Dist. LEXIS 55092 at *3
04 (W.D. Wash. July 12, 2008).  As previously found by this Court, this exception has been
05 "narrowly interpreted, . . . and in circumstances that do not strictly involve 'business records,'
06 federal courts have generally refused to allow parties to answer interrogatories by referring to
07 outside material."  *Id*. at *3-5 (citing *Cont'l Illinois Nat'l Bank & Trust Co. v. Caton*, 136
08 F.R.D. 682, 687 (D. Kan. 1991) (stating that Rule 33(d) "applies to 'business records' from
09 which raw data and facts can be discovered. The rule does not mention deposition transcripts,
10 documents or writings that were generated, or discovered, respectively, during the course of
11 prior discovery in the same case, only portions of which may be relevant to the issues for
12 trial."); *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) ("It is well established that an
13 answer to an interrogatory must be responsive to the question. It should be complete in itself
14 and should not refer to the pleadings, or to depositions or other documents, or to other
15 interrogatories, at least where such references make it impossible to determine whether an
16 adequate answer has been given without an elaborate comparison of answers.") (citation and
17 quotation marks omitted); and *Starlight Int'l, Inc*, 186 F.R.D. at 640).

18      In this case, while both parties construe the responses of plaintiff as pursuant to Rule
19 33(d), plaintiff did not point to business records in lieu of answering the interrogatories in
20 question.  Instead, plaintiff answered the interrogatories and, as specifically requested by
21 defendants, also identified the evidence relied upon in providing those answers.  Defendants,
22 in criticizing the lack of specificity provided in the identification of that evidence, point solely

to cases addressing Rule 33(d) and/or involving an answer limited to a reference to depositions from where an answer might be found. *See also id.* at *3-5 (finding response pursuant to Rule 33(b)(3) deficient where party did nothing more than make a generic reference to deposition testimony and a patient record previously produced). Because plaintiff did not here solely point to business records, depositions, or other documents in lieu of answering the interrogatories, defendants fail to support their contention that plaintiff's responses were incomplete and unresponsive in failing to identify specific portions of documents identified.

Defendants' argument that plaintiff failed to identify all of the evidence relied upon succeeds in part. Plaintiff cited evidence relied upon throughout its responses to Interrogatory No. 2. and indicated that, given ongoing discovery, the interrogatory responses would be supplemented. Plaintiff did not, however, identify evidence relied on in relation to its responses to Interrogatory No. 4. It appears likely, reading the responses to these interrogatories in conjunction with one another, as well as the response to Request for Production No. 2, that plaintiff would point to the same evidence. However, because the information was not specifically included in the responses to Interrogatory No. 4, plaintiff should provide the requested information.

Defendants also raise legitimate arguments with respect to dates and locations. Interrogatory No. 2 requested that plaintiff identify the dates on which plaintiff alleged actual knowledge of defects was acquired, as well as the location of all defects plaintiff alleged were known to exist at the time of the original sales. With respect to the latter question, the interrogatory stated, as an example, that an answer contending actual knowledge of defective windows should include identification, by building, unit, and room, of "any and all window(s)"

REPORT AND RECOMMENDATION
PAGE -12

01 at issue.  (*See*, *e.g.*, Dkt. 117, Ex. 7 at 6.)   Interrogatory No. 4 contained the same question as
02 to location.   (*Id*. at 8.)

03       Plaintiff stated, in its responses to Interrogatory No. 2, that the various defendants had
04 actual knowledge of defects "[a]t the time of the original sales[.]"  (*Id*. at 7.)   The responses
05 did not specify when plaintiff alleges defendants acquired knowledge of alleged defects.   Nor
06 is it clear that the responses to either interrogatory provided specifics with respect to location.
07 The responses appear to indicate that the alleged defects were property-wide.  (*See*, *e.g.*, *id*.
08 (identifying defects in plural terms (i.e., "roofs" and "windows").)   However, because
09 plaintiff's intention remains unclear, it should provide more detailed supplemental responses in
10 regard to location.

11       Whether or not plaintiff insufficiently responded in failing to differentiate between the
12 various defendants is a closer call.   In the case relied upon by defendants in support of this
13 contention, a party answered an interrogatory by simply incorporating answers submitted by
14 other parties.  *In re Professional Hockey Antitrust Litigation*, 63 F.R.D. at 645.   The Court
15 noted, as one of several reasons for finding the response deficient, that the interrogatories "were
16 geared to obtaining information unique to" various defendants.   *Id*.

17       Here, again, plaintiff did not defer answering the interrogatories by merely pointing to
18 sources from which the information could be obtained.   Nor is it apparent that plaintiff's
19 answers would necessarily vary as applied to the different defendants.   In fact, plaintiff's
20 opposition appears to support the contention that the same facts and evidence are relied upon in
21 relation to the various defendants.  (*See*, *e.g.*, Dkt. 119 at 10.)   However, because the Court
22 finds supplemental responses necessary for the reasons described above, plaintiff should also,

REPORT AND RECOMMENDATION
PAGE -13

where applicable, provide separate, unique responses for each of the defendants.

In sum, the Court finds plaintiff's responses to the interrogatories in question partially deficient.  Plaintiff should be compelled to supplement its responses to the second and third set of discovery requests, within **thirty (30) days** of an Order of this Court, as follows: (1) by identifying, in responses to Interrogatory No. 2, the dates on which plaintiff alleges defendants acquired actual knowledge of alleged defects; (2) by providing, in responses to Interrogatories Nos. 2 and 4, more detailed information in regard to the location of the alleged defects; (3) by identifying, in responses to Interrogatory No. 4, the evidence relied upon; and (4) by providing, if applicable, separate, unique responses for each of the defendants.

(2)     Requests for Production:

Defendants also ask that plaintiff be compelled to supplement its responses to requests for production in its second and third sets of discovery.  Defendants appear to specifically challenge the responses to Request for Production No. 1 as not identifying the responsive documents previously produced, and the responses to Request for Production No. 2 as failing to identify, by page and line, the relevant portions of the Public Offering Statement and Attachments.  (*See* Dkt. 116 at 10.)

However, defendants do not offer any argument supporting the contention that plaintiff's responses to these requests for production were deficient under the Rule of Civil Procedure governing document requests.  Fed. R. Civ. P. 34.  Nor, for the reasons described below, does the Court find support for such a conclusion.

The requests for production at issue asked for copies of all evidence supporting the answers to the preceding interrogatories.  (*See*, *e.g.*, Dkt. 117, Ex. 7 at 7, 9.)  As noted above,

plaintiff identified the evidence relied on in responding to the first interrogatory. As it appears to be undisputed that those documents have either been produced or are equally available to defendants, plaintiff's response was appropriate. Further, in response to Request for Production No. 2, plaintiff pointed specifically to the Public Offering Statement and attachments. (*See*, *e.g.*, *id*. at 9.) Again, there is no dispute that this document was, as indicated by plaintiff, previously produced. The Court notes only that, should plaintiff identify any additional, heretofore unproduced evidence in relation to Interrogatory No. 4, the responses to Request for Production No. 2 would require supplementation.

(3) <u>Other Discovery Requests</u>:

Finally, the Court addresses defendants' request that plaintiff be required to provide supplemental responses to all of the interrogatories and requests for production in the second set of discovery relating to Windbridge LLC. (*See* Dkt. 117, Ex. 14.) As described above, these discovery requests sought information and documents relating to records produced in compliance with the Court's May 11, 2010 Order.

Defendants provide no arguments in their motion specific to these discovery requests. Because it is not apparent what, if any, deficiencies exist in relation to these discovery requests, there is no basis for an order compelling plaintiff's compliance.[2]

C. <u>Sanctions</u>

The Court finds no basis for granting defendants' request for monetary sanctions in connection with this motion. *See* Fed. R. Civ. P. 37(a)(5) (where a motion to compel is granted

---

2 To the extent defendants intended that arguments relating to their first set of discovery requests also applied to the Windbridge LLC second set of discovery, those arguments would fail for the same reasons discussed above.

01 in part and denied in part, the court may apportion the reasonable expenses for the motion).
02 Although the Court finds defendants entitled to some of the relief sought in the motion, it
03 concludes that this dispute should have been resolved through meet and confer efforts. For
04 this same reason, and because the request is otherwise unsupported, the Court should reject
05 defendants' request for an order of automatic dismissal of this case should plaintiff fail to
06 comply with a resultant order.

07 <u>CONCLUSION</u>

08      In sum, the Court recommends that defendants' motion to compel (Dkt. 116) be
09 GRANTED in part and DENIED in part as described above. A proposed order accompanies
10 this Report and Recommendation. In accordance with the Court's June 3, 2010 Order of
11 Reference, any objections must be filed within **three (3) business days** of the date of this
12 Report and Recommendation.

13      DATED this <u>17th</u> day of September, 2010.

15                                            _/s/ Mary Alice Theiler_
                                           Mary Alice Theiler
16                                            United States Magistrate Judge

17
18
19
20
21
22

REPORT AND RECOMMENDATION
PAGE -16