THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASPEN GROVE OWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>PARK PROMENADE APARTMENTS, LLC, a California limited liability company; WINDBRIDGE, LLC, a California limited liability company; HOLTON KABILI SEATTLE, LLC, a dissolved Colorado limited liability company; ALTMAN SEATTLE, LLC, a Colorado limited liability company; AGR BUILDING, INC., a Colorado corporation; DOE DECLARANT AFFILIATES 1-20; DON ALTMAN, an individual, and JANE DOE ALTMAN and the marital community comprised thereof; SHIMON KABILI, an individual, and JANE DOE KABILI and the marital community comprised thereof; SCOTT HOLTON, an individual, and JANE DOE HOLTON, and the marital community comprised thereof; MICHAEL BOSMA, an individual, and JANE DOE BOSMA and the marital community comprised thereof; MELINDA ABPLANALP, an individual, and JOHN DOE ABPLANALP and the marital community comprised thereof; SCOTT HAMILTON, an individual, and JANE DOE HAMILTON and the marital community comprised thereof; BEN HARDING, an | Case No. CV09-1110<br><br>ORDER |

ORDER
PAGE - 1

individual, and JANE DOE HARDING and the marital community comprised thereof; JOHN HIBBS, an individual, and JANE DOE HIBBS and the marital community comprised thereof; KAREN LIBIN, an individual, and JOHN DOE LIBIN and the marital community comprised thereof; DOE PRINCIPALS 1-10; DOE DECLARANT AGENTS 1-5; DOE SALES AGENTS 1-10; DOE CONTRACTORS 1-20,

                    Defendants.

This matter comes before the Court on Defendants' motion for summary judgment regarding the 2005 WCA amendments (ECF No. 126), Plaintiff's response (ECF No. 140), and Defendants' reply. (ECF No. 142.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in its entirety for the reasons explained herein.

This case arises out of the 2005 conversion of an apartment complex into a condominium complex and the ensuing allegations of poor construction and insufficient disclosure. The facts of this case have been discussed at length and need not be repeated here. (ECF No. 54.) For the purposes of this motion, it suffices to say that Plaintiff's second amended complaint added certain claims that relate to amended versions of RCW 64.55 *et seq.* and RCW 64.34.415 that became effective on August 1, 2005. Defendants argue that these amendments to not apply to the present case, and that the claims should be dismissed.

RCW 64.55 requires rigorous building inspections for multiunit residential buildings for which a construction or rehabilitation permit was issued on or after August 1, 2005. There are exemptions. First, RCW 64.55.005(a) states:

> RCW 64.55.010 through 64.55.090 apply to any multiunit residential building for which the permit for construction or rehabilitative construction of such building was issued on or after August 1, 2005.

ORDER
PAGE - 2

1   Plaintiff does not dispute that Defendants' permit was issued before August 1, 2005. For this
2   reason alone, the 2005 amendments do not apply to the present case and summary judgment on
3   this issue is warranted. For the sake of completeness, however, the Court will address the
4   exemption to which Plaintiff devotes its response.
5          The second exemption, RCW 64.55.005(b) states:

> RCW 64.55.010 and 64.55.090 apply to conversion condominiums as defined in RCW 64.34.020, provided that RCW 64.55.090 shall not apply to a condominium conversion for which a public offering statement had been delivered pursuant to chapter 64.34 RCW prior to August 1, 2005.

The parties disagree over the interpretation of this clause.

   Plaintiff argues that "delivered pursuant to chapter 64.34 RCW" means that Defendants must have delivered to purchasers a POS according to the requirements of RCW 64.34. (Resp. 3, ECF No. 140.) Plaintiff further argues that the substance of the POS failed to comply with RCW 64.34 in several important respects. (*Id.* at 3–4.) For this Court to deem the POSs satisfactory, Plaintiff concludes, it must read the language "pursuant to chapter 64.34 RCW" completely out of the statute, and deprive these words of their meaning. (*Id.* at 4.)

   Defendants' position is that only the manner in which the POS was *delivered* need comply with RCW 64.34. (Reply 5, ECF No. 142.) RCW 64.34.420 requires that a POS be delivered to a purchaser seven days before conveyance of the unit. As long as a POS has been delivered in accordance with this requirement, Defendants argue, they are exempt from the inspection requirements contained in the 2005 amendments. The Court agrees. Because RCW 64.55.005 contains no comma after the word "delivered," the meaning of "pursuant to" is limited to the immediately preceding word. *C.f. Witherspoon v. St. Paul Fire & Marine Ins. Co.*, 548 P.2d 302, 307 (Wash. 1976) ("[A] comma separating a modifying clause from the clause immediately preceding is an indication that the modifying clause is intended to modify all the preceding clauses and not only the last antecedent one.") Plaintiffs do not dispute that

ORDER
PAGE - 3

the delivery complied with RCW 64.34.420. Thus, the exemption requirement in RCW 64.55.005(b) is met.

Accordingly, Defendants' motion for summary judgment is GRANTED.

DATED this 23rd day of September, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4