1

THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10    ASPEN GROVE OWNERS                          Case No. CV09-1110
      ASSOCIATION, a Washington non-profit
11    corporation,

12                           Plaintiff,          ORDER

13              v.

14    PARK PROMENADE
      APARTMENTS, LLC, a California limited
15    liability company; WINDBRIDGE, LLC, a
      California limited liability company;
16    HOLTON KABILI SEATTLE, LLC, a
      dissolved Colorado limited liability company;
17    ALTMAN SEATTLE, LLC, a Colorado
      limited liability company; AGR BUILDING,
18    INC., a Colorado corporation; DOE
      DECLARANT AFFILIATES 1-20; DON
19    ALTMAN, an individual, and JANE DOE
      ALTMAN and the marital community
20    comprised thereof; SHIMON KABILI, an
      individual, and JANE DOE KABILI and the
21    marital community comprised thereof;
      SCOTT HOLTON, an individual, and JANE
22    DOE HOLTON, and the marital community
      comprised thereof; MICHAEL BOSMA, an
23    individual, and JANE DOE BOSMA and the
      marital community comprised thereof;
24    MELINDA ABPLANALP, an individual, and
      JOHN DOE ABPLANALP and the marital
25    community comprised thereof; SCOTT
      HAMILTON, an individual, and JANE DOE
26    HAMILTON and the marital community

ORDER
PAGE - 1

comprised thereof; BEN HARDING, an
individual, and JANE DOE HARDING and
the marital community comprised thereof;
JOHN HIBBS, an individual, and JANE DOE
HIBBS and the marital community comprised
thereof; KAREN LIBIN, an individual, and
JOHN DOE LIBIN and the marital
community comprised thereof; DOE
PRINCIPALS 1-10; DOE DECLARANT
AGENTS 1-5; DOE SALES AGENTS 1-10;
DOE CONTRACTORS 1-20,

                                        Defendants.

     This matter comes before the Court on Plaintiff's motion for summary judgment
regarding undisputed defects (Dkt. No. 149), Defendants' response (Dkt. No. 158), and
Plaintiff's reply. (Dkt. No. 165.) The Court also considers Defendants' motion to strike the
declaration of Christine White. (Dkt. No. 164.) Having thoroughly considered the parties'
briefing and the relevant record, the Court finds oral argument unnecessary and hereby
DENIES the motions for the reasons explained herein.

## I.      BACKGROUND

     This case arises out of the 2005 conversion of an apartment complex into a
condominium complex and the ensuing allegations of poor construction and insufficient
disclosure. The facts of this case have been discussed at length and need not be repeated here.
(Dkt. No. 54.) This motion concerns a set of defects in the Aspen Grove complex, specifically
missing building paper or mislapped building paper, deteriorated gypsum sheeting below
windows, and rotted stick framing (the Defects). Plaintiff seeks summary judgment on
Defendants liability for the cost of repairing the Defects on three grounds: the Defects violate
the Washington Condominium Act's (WCA) warranty of suitability, the Defendants failed to
inspect for the Defects in violation of the WCA, and Defendants deceived the unit purchasers
in violation of the Washington Consumer Protection Act (CPA) by failing to disclose the
Defects and by providing an artificially low estimate of monthly repair costs.

ORDER
PAGE - 2

1

2      **II.      APPLICABLE LAW**

3            Federal Rule of Civil Procedure 56(c) mandates that a motion for summary judgment

4      be granted when "the pleadings, the discovery and disclosure materials on file, and any

5      affidavits show that there is no genuine issue as to any material fact and that the movant is

6      entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). There exists a genuine issue as

7      to a particular fact—and hence that fact "can be resolved only by a finder of fact" at trial—

8      when "[it] may reasonably be resolved in favor of either party"; conversely, there exists no

9      genuine issue when reasonable minds could not differ as to the import of the evidence.

10     *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52 (1986). Whether a particular fact is

11     material, in turn, is determined by the substantive law of the case: "Only disputes over facts

12     that might affect the outcome of the suit under the governing law will properly preclude the

13     entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

14     counted." *Id.* at 248. Summary judgment, then, demands an inquiry into "whether the evidence

15     presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

16     that one party must prevail as a matter of law"; if applying the relevant law to those facts about

17     which no two reasonable factfinders could disagree dictates that the moving party must prevail,

18     then a motion for summary judgment must be granted. *Id.* at 250–52.

19     **III.     DISCUSSION**

20       **A. Warranty of Suitability**

21           Section 445 of the WCA establishes a warranty of suitability covering the sale of

22     condominiums:

23           A declarant and any dealer impliedly warrants that a unit and the common
             elements in the condominium are suitable for the ordinary uses of real estate of
24           its type and that any improvements made or contracted for by such declarant or
             dealer will be: (a) Free from defective materials; (b) Constructed in accordance
25           with sound engineering and construction standards; (c) Constructed in a
             workmanlike manner; and (d) Constructed in compliance with all laws then
26           applicable to such improvements.

ORDER
PAGE - 3

1

2   RCW 64.34.445.

3       The bulk of Plaintiff's motion is not tailored to this standard. Rather than addressing

4   materials or construction standards, Plaintiff's brief focuses on the current state of disrepair:

5   "Likewise, the experts agree that the Undisputed Defects present a substantial risk of future

6   danger of structural failure, mold, and loss of fire resistance; therefore the Undisputed Defects

7   violate the WCA warranty of suitability." (Mot. 9 (Dkt. No. 149).) This conclusion of law

8   appears to be based on a line from the opinion in *Westlake View Condo. Ass'n v. Sixth Ave.*

9   *View Partners, LLC*, 146 Wn. App. 760 (Wash. Ct. App. 2008), in which the court states:

10  "Rather, if the violations present a substantial risk of future danger, the implied warranty of

11  habitability is a viable claim." *Id.* at 771-72. There is a vast difference, however, between a

12  viable claim and a claim on which a party is entitled to summary judgment. In fact, three

13  sentences prior, the court in *Westlake* wrote: "Whether these problems rise to the level of

14  breaching the implied warranty of habitability is a question for the jury." *Id.* at 771.

15      The only portion of Plaintiff's motion that relates to the language of Section 445 is a

16  passage describing the deposition of Gregory Mockford, one of the Defendants' experts.

17  Mockford states that the window installations at Aspen Grove were not in compliance with the

18  1990 building codes with respect to reverse lapping, discontinuous weather barrier, and

19  integration of the paper to the window frame. (Houser Decl. Ex. A 58: 15–23 (Dkt. No. 150).)

20  Plaintiff has simply failed, however, to provide enough information to merit summary

21  judgment as a matter of law. There remain genuine issues of material fact with respect to what

22  the 1990 building code actually says, how many windows Mockford inspected, the extent of

23  the problems he discovered, and whether Plaintiff homeowners aggravated the water intrusion

24  due to lack of maintenance. These issues are an improper subject for a summary-judgment

25  motion.

26

ORDER
PAGE - 4

**B.  Failure to Inspect**

Section 415 of the WCA establishes requirements for the inspection report that accompanies a condominium public offering statement:

> [The POS shall contain] [e]ither a copy of a report prepared by an independent, licensed architect or engineer, or a statement by the declarant based on such report, which report or statement describes, *to the extent reasonably ascertainable*, the present condition of all structural components and mechanical and electrical installations material to the use and enjoyment of the condominium;

RCW 64.34.445 (emphasis added). The parties agree that Defendants performed a visual inspection but did not remove building trim to examine structural components, a process called "invasive inspection." The issue in dispute is whether the condition of certain structural components was reasonably ascertainable if it could only be ascertained with an invasive inspection. Plaintiff claims that Defendants' own experts agree that a reasonable inspector would have identified signs of water intrusion, selected areas to look under, and would have found the Defects. (Mot. 4 (Dkt. No. 149).) This is false. Defendants' expert, Gregory Mockford, was asked if the scope of repairs performed by the Defendants would have been appropriate had Mockford been the one to conduct the initial inspection. Mockford replied that he would have probably identified more damage and performed additional repairs. (Houser Decl. Ex. A 75:2–17 (Dkt. No. 150).) Mockford said nothing about what a reasonable inspector would or would not have done, merely what he himself would have *probably* done. Plaintiff has failed to show that there is no genuine issue of material fact as to the reasonableness of the inspection.

**C.  Consumer Protection Act Claim**

Plaintiff also seeks summary judgment on its CPA claims. In order to maintain a private CPA action, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive acts and

ORDER
PAGE - 5

1    the injury suffered by the plaintiff. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*,

2    719 P.2d 531, 535 (Wash. 1986).

3         The primary dispute between the parties is whether Plaintiff has standing to bring a

4    CPA claim. Associations of individuals can establish standing in two different ways: direct

5    standing for injuries to the association and representational standing for injuries to its

6    members. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *see, e.g., United*

7    *States v. SCRAP*, 412 U.S. 669 (1973). Plaintiff claims that it has representational standing to

8    litigate claims for harm to its members stemming from allegedly deceptive failure to disclose

9    defects. (Reply 13 (Dkt. No. 165).) Defendants respond that Plaintiff does not meet the

10   requirements for an organization suing in its representative capacity. The Supreme Court has

11   established a three-prong test for determining whether an organization can sue in its

12   representative capacity. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343

13   (1977). "An association has standing to bring suit on behalf of its members when: (1) its

14   members would otherwise have standing to sue in their own right; (2) the interests it seeks to

15   protect are germane to the organization's purpose; and (3) neither the claim asserted nor the

16   relief requested requires the participation of individual members in the lawsuit." *Hunt*, 432

17   U.S. at 343. The problem, Defendants argue, is with the third prong.

18        It would be impossible, Defendants explain, for Plaintiff to bring a CPA claim without

19   the participation of individual members. (Resp. 23 (Dkt. No. 158).) The Court agrees. For

20   Plaintiff's CPA claim to succeed, it must be able to show that each homeowner was injured

21   and that each injury was caused by Defendants' allegedly unfair or deceptive acts. *See Wash.*

22   *Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 850 (9th Cir. 2001) ("Because the

23   appropriate relief—determining what, if any, just compensation is due to the owner of the

24   property taken—necessarily requires the participation of the individual members, Washington

25   Legal Foundation does not have representational standing to pursue a Fifth Amendment taking

26   claim.").

ORDER
PAGE - 6

1      Plaintiff does not say how injury and causation can be established without the

2  participation of individual homeowners. Instead, Plaintiff cites *Satomi Owners Ass'n v. Satomi,*

3  *LLC*, 225 P.3d 213, 231 (Wash. 2009), a recent Supreme Court of Washington case for the

4  proposition that a condominium association does have standing to pursue CPA claims in a

5  representational capacity.  (Reply 13 (Dkt. No. 165).) Plaintiff misstates the holding in *Satomi*.

6  That case concerned efforts by a homeowner's association to quash an arbitration demand on

7  the grounds that it was a separate legal entity from the homeowners who signed the agreement

8  to arbitrate. The court affirmed the Court of Appeals, which had held that to the extent the

9  Association could bring any claims, those claims were only as good as those of its constituent

10 members. *Satomi*, 225 P.3d at 231 (citing *Satomi Owners Ass'n v. Satomi, LLC*, 159 P.3d 460

11 (Wash. Ct. App. 2007)). This is not an affirmative declaration or expansion of the power of a

12 homeowners association to bring suit, but rather a limitation on that power. Discussion of

13 representational standing in the context of CPA claims was dicta, not a holding, and offers no

14 guidance to this Court. The Court finds that Plaintiff lacks standing to pursue the CPA claims

15 in a representational capacity. *See also Riverfront Landing Phase II Owners' Ass'n v.*

16 *Assurance Co. of Am.*, 2009 U.S. Dist. LEXIS 57089 (W.D. Wash. July 6, 2009) ("However,

17 the Association has not shown that at the time it filed suit, it had standing to assert claims for

18 bad faith, negligence, and violations of the IFCA and CPA."). Accordingly, Plaintiff's CPA

19 claims are dismissed without prejudice.

20 //

21 //

22 //

23 //

24 //

25 //

26

ORDER
PAGE - 7

1

**IV.     CONCLUSION**

2

      For all the above reasons, Plaintiff's motion for summary judgment is DENIED. (Dkt.

3

No. 149.) Plaintiff's CPA claims are DISMISSED without prejudice. Defendants' motion to

4

strike is DENIED. (Dkt. No. 164.)

5

6

      DATED this 19th day of November, 2010.

7

8

9

10

John C. Coughenour
UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 8